1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6                   FOR THE EASTERN DISTRICT OF CALIFORNIA
7    STEPHEN JONES,
8              Plaintiff,                No. CIV S-07-1937 MCE JFM P
9         vs.
10   SOLANO COUNTY SHERIFF,
11             Defendant.                ORDER
12   _____/
13              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42
14   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.
15   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.
16   § 636(b)(1).
17              Plaintiff has submitted a declaration that makes the showing required by 28
18   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.
19              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28
20   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $3.00 will be assessed by this
21   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to
22   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the
23   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the
24   preceding month's income credited to plaintiff's prison trust account.  These payments will be
25   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
26   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

1    The court is required to screen complaints brought by prisoners seeking relief

2  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

3  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

4  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

5  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

6  U.S.C. § 1915A(b)(1),(2).

7    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

9  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13  Cir. 1989); Franklin, 745 F.2d at 1227.

14    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

15  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

16  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

17  Corp. v. Twombly, ___ U.S. ___, 2007 WL 1461066, slip op. at 8 (2007) (quoting Conley v.

18  Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a

19  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

20  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

21  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only

22  "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'""

23  Erickson v. Pardus, ___ U.S. ___, 127 S.Ct. 2197 (June 4, 2007) (quoting Bell, slip op. at 7-8, in

24  turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).  In reviewing a complaint under this

25  standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

26

1  and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

2  U.S. 232, 236 (1974).

3           In his complaint, plaintiff alleges that on August 20, 2007, foul sewage sludge

4  water began backing up in his cell sink requiring the sludge to be scooped out to prevent

5  overflowing.  On August 26, 2007, two chemicals were applied by a plumber in an effort to

6  unblock the pipes and this increased the toxicity and odor.  However, plaintiff further alleges that

7  as a result of this exposure, he was relocated to another section of the jail and is now undergoing

8  respiratory treatment as a result of that exposure.

9           The Civil Rights Act under which this action was filed provides as follows:

10          Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
11          deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
12          law, suit in equity, or other proper proceeding for redress.

13  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

14  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

15  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

16  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

17  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

18  omits to perform an act which he is legally required to do that causes the deprivation of which

19  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

20          Moreover, supervisory personnel are generally not liable under § 1983 for the

21  actions of their employees under a theory of respondeat superior and, therefore, when a named

22  defendant holds a supervisorial position, the causal link between him and the claimed

23  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

24  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

25  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

26  /////

1    in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

2    Cir. 1982).

3              The Eighth Amendment prohibits cruel and unusual punishment of a person

4    convicted of a crime.  U.S. Const. amend. VIII.  The Amendment has not been restricted to cases

5    challenging the length of a sentence or the nature of a punishment.  Where the conditions of

6    confinement are challenged rather than the confinement itself, a plaintiff must make two

7    showings.  First, the plaintiff must make an "objective" showing that the deprivation was

8    "sufficiently serious" to form the basis for an Eighth Amendment violation.  Wilson v. Seiter, 501

9    U.S. 294, 298 (1991).  Second, the plaintiff must make a "subjective" showing that the prison

10   official acted "with a sufficiently culpable state of mind."  Id.

11             Although the routine discomfort inherent in the prison setting is inadequate to

12   satisfy the objective prong of an Eighth Amendment inquiry, "those deprivations denying 'the

13   minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an

14   Eighth Amendment violation."  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

15   Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing,

16   sanitation, medical care, and personal safety.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994);

17   Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir.1996); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th

18   Cir.1982).

19             The circumstances, nature, and duration of a deprivation of these necessities must

20   be considered in determining whether a constitutional violation has occurred.  "The more basic

21   the need, the shorter the time it can be withheld."  Hoptowit, 682 F.2d at 1259; see also Anderson

22   v. County of Kern, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir.1995) ("[A] lack of

23   sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of

24   the Eighth Amendment.").  Thus, temporary deprivations of sanitation are not cognizable under

25   § 1983.  See, e.g., Hutto v. Finney, 437 U.S. 678, 686-87 (1978)(stating "A filthy, overcrowded

26   cell and a diet of 'grue[l]' might be tolerable for a few days and intolerably cruel for weeks or

4

1   months," but ultimately holding conditions in isolation cells violated prohibition against cruel
2   and unusual punishment).

3           Finally, "a prison official cannot be found liable under the Eighth Amendment for
4   denying an inmate humane conditions of confinement unless the official knows of and disregards
5   an excessive risk to inmate health or safety; the official must both be aware of facts from which
6   the inference could be drawn that a substantial risk of serious harm exists, and he must also draw
7   the inference." Farmer, 511 U.S. at 837.  However, "[a]n Eighth Amendment claimant need not
8   show that a prison official acted or failed to act believing that harm actually would befall an
9   inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial
10  risk of serious harm." Id. at 841.

11          Plaintiff seeks money damages for "pain and suffering."  However, mere
12  negligence is insufficient for Eighth Amendment liability.  Frost v. Agnos, 152 F.3d 1124, 1128
13  (9th Cir. 1998).

14          Plaintiff states he was moved from the offending cell and is being provided
15  medical treatment.  Thus, plaintiff has failed to state an Eighth Amendment violation, and the
16  complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

17          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
18  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
19  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
20  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
21  there is some affirmative link or connection between a defendant's actions and the claimed
22  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
23  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
24  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
25  Regents, 673 F.2d 266, 268 (9th Cir. 1982).
26  /////

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

3  amended complaint be complete in itself without reference to any prior pleading.  This is

4  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

5  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

6  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7  original complaint, each claim and the involvement of each defendant must be sufficiently

8  alleged.

9    In accordance with the above, IT IS HEREBY ORDERED that:

10    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

11    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

12  Plaintiff is assessed an initial partial filing fee of $3.00.  All fees shall be collected and paid in

13  accordance with this court's order to the Director of the California Department of Corrections

14  and Rehabilitation filed concurrently herewith.

15    3.  Plaintiff's complaint is dismissed.

16    4.  Plaintiff is granted thirty days from the date of service of this order to file an

17  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

18  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

19  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

20  an original and two copies of the amended complaint; failure to file an amended complaint in

21  accordance with this order will result in a recommendation that this action be dismissed.

22  DATED:  October 10, 2007.

23

24    UNITED STATES MAGISTRATE JUDGE

25

26  /001; jone1937.14