1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEPHEN JONES,

11          Plaintiff,              No. CIV S-07-1937 MCE JFM P

12      vs.

13   SOLANO COUNTY SHERIFF,
14   et al.,

15          Defendants.           FINDINGS AND RECOMMENDATIONS

16   _____/

17          Plaintiff is a pretrial detainee[1] proceeding pro se and in forma pauperis with an

18   action filed pursuant to 42 U.S.C. § 1983.  By order filed October 11, 2007, plaintiff's complaint

19   was dismissed with leave to file an amended complaint.  After receiving an extension of time,

20   plaintiff has now filed an amended complaint.

21          The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   _____

24          [1]  In his amended complaint, plaintiff states his allegations occurred while he was a
     detainee at the Solano County Jail.  (Id. at 5.)  Plaintiff is still incarcerated at the Solano County
25   Jail.  It is not apparent from the record whether plaintiff has now been convicted, but in an
     abundance of caution, the court has analyzed his claims as if he were a pretrial detainee.  As
26   noted below, the legal standards to be applied are the same under either circumstance.

1

1    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

2    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

3    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

4    U.S.C. § 1915A(b)(1),(2).

5           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

6    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

7    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

8    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

9    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

10   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

11   Cir. 1989); Franklin, 745 F.2d at 1227.

12          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

13   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

14   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

15   Corp. v. Twombly, ___ U.S. ___, 2007 WL 1461066, slip op. at 8 (2007) (quoting Conley v.

16   Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a

17   complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

18   must contain factual allegations sufficient "to raise a right to relief above the speculative level."

19   Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only

20   "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"'"

21   Erickson v. Pardus, ___ U.S. ___, 127 S.Ct. 2197 (June 4, 2007) (quoting Bell, slip op. at 7-8, in

22   turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).  In reviewing a complaint under this

23   standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

24   and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

25   U.S. 232, 236 (1974).

26   /////

1       In his amended complaint, plaintiff alleges that on August 20, 2007, foul sewage

2  sludge water began backing up in his cell sink requiring the sludge to be scooped out to prevent

3  overflowing.  Plaintiff states he "repeatedly brought to the attention of the three shifts of deputies

4  Gilligan, Castro and John Doe, the defendants, the horrific conditions [he] was experiencing with

5  the foul sewage sludge toxic odor." (AC at 5-6.)  On August 26, 2007, "two separate chemicals

6  were applied by the plumber and the combination of the three odors were so toxic that the cell

7  was closed, I was transferred to another location and placed on respiratory treatment for the

8  damage I sustained to my lungs." (AC at 6.)  Plaintiff states he is currently undergoing

9  respiratory treatment. (Id.)

10       A pretrial detainee's claim for unconstitutional conditions of confinement arises

11  from the Due Process Clause rather than from the Eighth Amendment prohibition against cruel

12  and unusual punishment.  Bell v. Wolfish, 441 U.S. 520 (1979).  Nevertheless, the Eighth

13  Amendment provides a minimum standard of care for determining a plaintiff's rights as a pretrial

14  detainee.  Anderson v. Kern, 45 F.3d 1310, 1312-13 (9th Cir.1995) (citing Redman v. County of

15  San Diego, 942 F.2d 1435, 1442 (9th Cir.1991)).  To prevail on an unconstitutional conditions

16  claim under an Eighth Amendment standard of care, a plaintiff, whether a pretrial detainee or a

17  convict, must show that defendants were "deliberately indifferent" to the alleged constitutional

18  violations.  Redman, 942 F.2d at 1443; Wilson v. Seiter, 501 U.S. 294, 302-03 (1991).

19       With regard to providing pretrial detainees with such basic necessities as food,

20  living space, and medical care, the minimum standard allowed by the Due Process Clause is the

21  same as that allowed by the Eighth Amendment for convicted persons.  Hamm v. Dekalb County,

22  774 F.2d 1567, 1574 (11th Cir.1985).  To comply with the Eighth Amendment's prohibition

23  against cruel and unusual punishment, a prison must provide prisoners with "adequate food,

24  clothing, shelter, sanitation, medical care, and personal safety."  Hoptowit v. Ray, 682 F.2d 1237,

25  1246 (9th Cir.1982).  However, this does not mean that federal courts can or should interfere

26  /////

1  whenever prisoners are inconvenienced or suffer de minimis injuries.  See Bell, 441 U.S. at 539

2  n.21 (noting that a de minimis level of imposition does not rise to a constitutional violation).

3           The circumstances, nature, and duration of a deprivation of these necessities must

4  be considered in determining whether a constitutional violation has occurred.  "The more basic

5  the need, the shorter the time it can be withheld." Hoptowit, 682 F.2d at 1259; see also Anderson

6  v. County of Kern, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir.1995) ("[A] lack of

7  sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of

8  the Eighth Amendment.").  Thus, temporary deprivations of sanitation are not cognizable under

9  § 1983.  See, e.g., Hutto v. Finney, 437 U.S. 678, 686-87 (1978)(stating "A filthy, overcrowded

10  cell and a diet of 'grue[l]' might be tolerable for a few days and intolerably cruel for weeks or

11  months," but ultimately holding conditions in isolation cells violated prohibition against cruel

12  and unusual punishment).

13           Plaintiff seeks money damages for the damage caused to his lungs.  (AC at 5.)

14  However, mere negligence is insufficient for Eighth Amendment liability.  Frost v. Agnos, 152

15  F.3d 1124, 1128 (9th Cir. 1998).  The fact that the sink in plaintiff's cell backed up with foul

16  sewage for a period of almost one week is a temporary deprivation not cognizable under § 1983.

17  In addition, plaintiff states that on one occasion, the two chemicals applied by the plumber joined

18  with the sewage odor, to form a toxic odor.  The cell was closed, plaintiff was moved from the

19  offending cell and provided medical treatment.  These actions do not constitute deliberate

20  indifference on the part of defendants.  Thus, plaintiff has failed to state a due process violation,

21  and the complaint should be dismissed.

22           In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's

23  amended complaint be dismissed without prejudice.

24           These findings and recommendations are submitted to the United States District

25  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

26  days after being served with these findings and recommendations, plaintiff may file written

1 | objections with the court.  The document should be captioned "Objections to Magistrate Judge's

2 | Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

3 | specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

4 | F.2d 1153 (9th Cir. 1991).

5 | DATED:  January 24, 2008.

6 |

7 |                                                      UNITED STATES MAGISTRATE JUDGE

8 |

9 | /001; jone1937.dsm

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |