IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN E. JONES,

    Plaintiff,                      No. CIV S-07-1937 MCE JFM P

    vs.

SOLANO COUNTY
SHERIFF'S DEPARTMENT,

    Defendant.                    ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. On January 25, 2008, this court recommended that plaintiff's amended complaint be dismissed without prejudice. On February 14, 2008, plaintiff was granted thirty days in which to file objections. On March 20, 2008, plaintiff filed objections. The findings and recommendations were adopted on March 31, 2008, and judgment was entered dismissing this action without prejudice.

        On April 7, 2008, plaintiff filed a notice of change of address dated April 2, 2008, indicating he was now housed at North Kern State Prison in Delano, California. On April 8, 2008, the March 31, 2008 order and judgment were re-served on plaintiff at his new address. On April 24, 2008, plaintiff filed a request for status dated April 19, 2008, in which he claimed he had not received an order addressing his objections. On April 30, 2008, plaintiff submitted a letter dated April 27, 2008, in which he stated that he had not received anything from the court

1

since he had filed his objections to the findings and recommendations. On May 5, 2008, plaintiff was advised by the clerk that his case had been dismissed on March 31, 2008.

On May 21, 2008, plaintiff filed a motion to reopen the time to file an appeal pursuant to Fed. R. App. P. 4(a)(6). Plaintiff claims he received notice his case was dismissed on May 8, 2008.

Rule 4(a)(6) provides as follows:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Id.

Here, the record reflects that plaintiff did not receive notice of the dismissal of his complaint, satisfying Rule 4(a)(6)(A). Rather, plaintiff did not receive notice until May 8, 2008. Plaintiff filed his motion to reopen on May 21, 2008. Because plaintiff is incarcerated, he is entitled to benefit of the mailbox rule;[1] however, plaintiff did not append a proof of service or

---

[1] The Supreme Court has held that the situation of pro se prisoners seeking to meet court deadlines is unique and that therefore a document may be "filed" on the date that it is given by an inmate to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 270-72, 275 (1988). See Hostler v. Groves, 912 F.2d 1158, 1160-61 (9th Cir. 1990), cert. denied, 498 U.S. 1120 (1991) (extending the Houston principle to non-habeas civil cases); Faile v. Upjohn Co., 988 F.2d 985, 987-88 (9th Cir. 1993) (extending the Houston principle to the filing of any document that is served pursuant to Fed. R. Civ. P. 5).

1  otherwise date the May 21, 2008 filing. Accordingly, this court finds it reasonable that plaintiff
2  handed the filing to prison officials for mailing at least three days prior to the May 21, 2008
3  filing date.[2] Thus, this court finds that plaintiff handed the document to prison officials for
4  mailing on May 16, 2008. Because plaintiff received notice on May 8, 2008, his motion was due
5  in federal court within seven days, or on or before May 20, 2008. Plaintiff's motion was
6  received, under the mailbox rule, on May 16, 2008. Accordingly, plaintiff meets Fed. App. P.
7  Rule 4(a)(6)(B). Because the underlying action was dismissed without prejudice and prior to
8  service of process on any defendant, this court finds no party would be prejudiced by reopening
9  the time in which plaintiff has to file an appeal. Fed. App. Rule 4(a)(6)(C). Because plaintiff has
10 met all three elements of Rule 4(a)(6), his motion will be granted.

       Good cause appearing, the court will also construe plaintiff's filing as a request for appeal and direct the Clerk of the Court to process the appeal.

       IT IS HEREBY ORDERED that:

       1. Plaintiff's May 21, 2008 motion is granted;

       2. The time to file an appeal is reopened; and

       3. Plaintiff's May 21, 2008 filing is construed as a notice of appeal; The Clerk of the Court is directed to process plaintiff's timely appeal.

DATED: May 29, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; jone1937.reo

---

[2] These deadlines are calculated using Fed. R. Civ. P. 6(a). Periods of less than 11 days exclude Saturdays, Sundays and holidays. Fed. R. Civ. P. 6(a)(2).